ORIGINAL

FILED
SEP 28 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GARCIA LEMUS, | ) |
| Petitioner, | ) Cr. No. 05-0603GT |
| v. | ) Cv. No. 05-1681GT |
| UNITED STATES OF AMERICA | ) ORDER |
| Respondent. | ) |

On August 5, 2005, Petitioner, Martin Garcia Lemus ("Mr. Lemus"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Lemus argues that his counsel was ineffective for a variety of reasons. Additionally, Mr. Lemus argues that his sentence violates the new law as set forth in <u>United States v. Booker</u>, No. 04-104 and <u>United States v. Fanfan</u>, No. 04-105, 125 S. Ct. 738 (2005). The Court has fully considered this matter, including a review of Mr. Lemus's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Lemus's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

//

First, Mr. Lemus pled guilty, pursuant to a written plea agreement, to one count of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Lemus explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997). Since Mr. Lemus expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Lemus is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Lemus had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Lemus argues that his counsel was ineffective for a variety of reasons. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984). The petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Mr. Lemus has made no showing that he would have gone to trial but for the errors of his counsel. In fact, Mr. Lemus's guideline range without his plea agreement was 70-87 months. By pleading guilty he received only a 48 month sentence, which was a substantial benefit to him.

Mr. Lemus also argues that he is entitled to relief under the new case law of United States v. Booker, No. 04-104 and United States v. Fanfan, No. 04-105, 125 S. Ct. 738 (2005). In essence, Mr. Mendez argues that he is entitled to retroactive relief under the new case of United States v. Booker, 125 S. Ct. 738 (2005). However, this argument is foreclosed by the recent Ninth Circuit opinion of United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005). In Cruz, the Ninth Circuit specifically held that Booker "is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication." United States v. Cruz, 423 F.3d at 1121. Since Mr. Lemus is collaterally attacking his sentence under Booker and that sentence was final before the publication of Booker, his argument is foreclosed by the Cruz case.

Accordingly,

**IT IS ORDERED** that Mr. Lemus's Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

September 28, 2007
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter     Petitioner